Mr. Justice James
delivered the opinion of the Court:
In the case of Wooster and others against Antone Devote and others, we are asked to set aside a conveyance made by Devote to his wife, on the ground of fraud against his creditors.
The facts appear to be that Devote had’two jueces of real estate, and a business in the market, with a stock that was shifting from time to time, being jiurchased day by day of wholesale provision dealers. He was occupying on a monthly agreement certain stalls, the original lease to which had expired. It appears that the real estate in question was all the property he had of any substantive character. He owed only $127, so far as shown to the Court, at the time of the conveyance; but his only means of paying even such a small sum as that consisted of his business prospects.
It is perfectly well settled that if a man makes a voluntary conveyance of his property, relying upon his business jprospects as a means of paying even small existing debts, the conveyance tends to hinder and delay his creditors. The business is not accounted a property sufficiently certain for his creditors; and of course it would not be so in case of his death. The case is accompanied by some acts on the part of Devote which indicate that it was a measure for protection in case his debts should trouble him. He had, in a very indefinite way, associated his son with him in his business so that strangers had a right to regard the *365 son as a partner, and it appears that the father was incapacitated by bad health from giving his personal attention to the business, so that the son was left with the power of making debts which might prove to be indiscreet and, consequently, troublesome.
In some conversation which the defendant had about this conveyance he disclosed the real object of it — that it was intended as a protection against the power of his son to waste this property. That contemplated the making of debts and contemplated - at the same time a protection of his property against those debts. We regret the result, as it looks' like the struggle of a well meaning man, in bad health, to provide for his family against misfortunes which might overtake him. Nevertheless, the fact remains that he has made such a disposition of his property as to hinder and delay the existing creditors, small as the sum due them was. More debts were contracted afterwards, and although it may be said that these later creditors had the opportunity of learning from the record that he had conveyed his property and, therefore,'may be said to have extended their credits in the face of the fact, yet it is well settled that such a deed must be set aside in behalf of the existing creditors, and then the subsequent creditors who came in may have the benefit of the decree.

We are compelled, therefore, to affirm the decree below holding this conveyance to be fraudulent.